**COMMONWEALTH OF KENTUCKY**
**BOYD CIRCUIT COURT**
CIVIL ACTION NO. _____
DIVISION ___

*Electronically filed*

| | |
|---|---|
| COURTNEY STEWART, as ADMINISTRATRIX of the ESTATE OF CHRISTOPHER HALL, Deceased, | **PLAINTIFF** |

And

| | |
|---|---|
| COURTNEY STEWART, as Next Friend, guardian and mother of the infant child, LAKIN HALL | **PLAINTIFF** |

v.

| | |
|---|---|
| WILLIAM HENSLEY, Individually and in his capacity as Jailer of the BOYD COUNTY DETENTION CENTER,<br>    Service Via Boyd County Sheriff to:<br>    714 Panola Street OR 209 28th Street<br>    Catlettsburg, KY   41129 | **DEFENDANT** |

And

| | |
|---|---|
| GUSTAVO GUZMAN, Individually and in his capacity as agent and employee of BOYD COUNTY DETENTION CENTER<br>Service Via Boyd County Sheriff to:<br>    714 Panola Street OR 209 28th Street<br>    Catlettsburg, KY   41129 | **DEFENDANT** |

And

| | |
|---|---|
| TRAVIS HANSHAW, Individually and in his capacity as agent and employee of BOYD COUNTY DETENTION CENTER<br>Service Via Boyd County Sheriff to:<br>    714 Panola Street OR 209 28th Street | **DEFENDANT** |

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000001 of 000023

1

**EXHIBIT A**

Filed    19-CI-01030  12/30/2019    E-filed    Boyd Circuit Clerk    NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

Catlettsburg, KY   41129
And

**JOSHUA MILLER, Individually and in his capacity**          DEFENDANT
**as agent and employee of BOYD COUNTY DETENTION**
**CENTER**
**Service Via Boyd County Sheriff to:**
    **714 Panola Street OR 209 28th Street**
    **Catlettsburg, KY   41129**

And

**ADVANCED CORRECTIONAL HEALTHCARE, INC.**          DEFENDANT
**A foreign corporation doing business in Kentucky**
    **Service by Certified mail to Registered Agent:**
    **C T Corporation System**
    **306 W Main Street, Suite 512**
    **Frankfort, KY 40601**

And

**SUSAN YEARGIN, LPN,**          DEFENDANT
**Service by Secretary of State:**
    **1620 Glen Avenue**
    **Kenova, WV   25530-1742**

And

**D. PATRICK, LPN,**          DEFENDANT
**Service by Secretary of State:**
    **3922 W. Baring Trace**
    **Peoria, IL   60615-2560**

and

**DAVID A VOSS, LPN,**          DEFENDANT
**Service by Secretary of State:**
    **3922 W. Baring Trace**
    **Peoria, IL   60615-2560**

And

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000002 of 000023

2

Filed 19-CI-01030 12/30/2019 Tracey L. Kelley, Boyd Circuit Clerk NOT ORIGINAL DOCUMENT 12/31/2019 11:26:57 AM 84997-7

| | |
|---|---|
| **UNKNOWN DOCTORS, NURSES & MEDICAL CARE PROVIDERS OF ADVANCED CORRECTIONAL HEALTHCARE, INC.** | **DEFENDANT** |

**Service by Certified mail to Registered Agent:**
    **C T Corporation System**
    **306 W Main Street, Suite 512**
    **Frankfort, KY 40601**

**And**

| | |
|---|---|
| **UNKNOWN EMPLOYEES AND/OR AGENTS OF BOYD COUNTY DETENTION CENTER** | **DEFENDANT** |

**Service Via Boyd County Sheriff to:**
    **714 Panola Street OR 209 28th Street**
    **Catlettsburg, KY   41129**

## COMPLAINT

Comes now the Plaintiff, Courtney Stewart, as Administratrix of the Estate of Christopher Hall, deceased, and also Courtney Stewart, as Next Friend, mother and legal guardian of the infant Plaintiff, Lakin Hall (referred to collectively below as "Plaintiffs"), by and through the undersigned counsel and for their Complaint against the Defendants, William Hensley, individually and in his capacity as Jailer of the Boyd County Detention Center; Gustavo Guzman, individually and in his capacity as employee and agent of the Boyd County Detention Center; Travis Hanshaw, individually and in his capacity as employee and agent of the Boyd County Detention Center; Joshua Miller, individually and in his capacity as employee and agent of the Boyd County Detention Center; Advanced Correctional Healthcare, Inc., a foreign corporation doing business in the Commonwealth of Kentucky, Susan Yeargin, D. Patrick, David A. Voss and unknown doctors, nurses and medical care provider employees of Advanced Correctional Healthcare, Inc. and unknown employees of the Boyd County Detention Center state as follows:

3

NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

1.      Plaintiff, Courtney Stewart, is the Administratrix of the Estate of Christopher Hall, deceased,   Ms. Stewart having been appointed as Administratrix pursuant to the Order Appointing Administratrix entered on January 16, 2019; Boyd District Court Case No. 19-P-0023.   A copy of the Order is attached hereto as Exhibit A.

2.      Plaintiff Lakin Hall is the minor daughter of the decedent Christopher Hall, and appears in this action by and through Courtney Stewart, as the Next Friend, mother and legal guardian of Plaintiff Lakin Hall.   An affidavit in support is attached as Exhibit B.

3.      Defendant William Hensley, is and was at all relevant times, the Jailer and Manager of the Boyd County Detention Center, a public agency as described in Kentucky Revised Statute ("K.R.S.") 65.230 and is a manager of a governmental department of the Boyd County Fiscal Court.

4.      At all times relevant to this complaint, Defendant William Hensley was the elected Boyd County Jailer and was acting within the color of law and empowered through the powers of government with control and responsibility to act in furtherance of the public good and limited by the Constitution of the United States and the Commonwealth of Kentucky.

5.      Defendant Gustavo Guzman was, at all relevant times, an agent and employee of the Boyd County Jailer and the Boyd County Detention Center and was acting within the color of law and empowered through the powers of government with control and responsibility to act in furtherance of the public good and limited by the Constitution of the United States and the Commonwealth of Kentucky.

6.      Defendant Travis Hanshaw was, at all relevant times, an agent and employee of the Boyd County Jailer and the Boyd County Detention Center and was acting within the color of law and empowered through the powers of government with control and responsibility to act in furtherance of the public good and limited by the Constitution of the United States and the

4

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000004 of 000023

Filed 19-CI-01030 12/30/2019 Tracey L. Kelley, Boyd Circuit Clerk NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

Commonwealth of Kentucky.

7.     Defendant Joshua Miller was, at all relevant times, an agent and employee of the Boyd County Jailer and the Boyd County Detention Center and was acting within the color of law and empowered through the powers of government with control and responsibility to act in furtherance of the public good and limited by the Constitution of the United States and the Commonwealth of Kentucky.

8.     Defendants Hensley, Guzman, Hanshaw and Miller, and all of them jointly, are responsible for the operation, control and/or inmate medical services of the Boyd County Detention Center.

9.     In addition to defendants Hensley, Guzman, Hanshaw and Miller, other employees of the Boyd County Detention Center were likewise responsible for the torts and lapses set forth below, upon information and belief, and shall be named specifically when their identities can be ascertained.

10.     Defendant Advanced Correctional Healthcare, Inc. is a foreign corporation doing business in the Commonwealth of Kentucky, and is an inmate medical services provider, whose principal office is located at 3922 W. Baring Trace, Peoria, IL 60615-2560.   The designated agent for service of process for Advanced Correctional Healthcare, Inc is: CT Corporation Systems, 306 W. Main Street, Suite 512, Frankfort, KY   40601.

11.     Defendant Susan Yeargin, LPN, is a licensed practical nurse licensed to practice in the Commonwealth of Kentucky, who, upon last known information and belief, has a principal place of business located at Advanced Correctional Healthcare, Inc., 3922 W. Baring Trace, Peoria, IL 60615-2560.   To the best of Plaintiffs' knowledge and belief she has a home address of 1620 Glen Avenue, Kenova, West Virginia 25530-1742. She may be served at that location.

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000005 of 000023

Filed         19-CI-01030   12/30/2019         Tracey L. Kelley, Boyd Circuit Clerk         NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

12.     Defendant, D. Patrick, LPN, is a licensed practical nurse licensed to practice in the Commonwealth of Kentucky, who, upon last known information and belief, has a principal place of business located at Advanced Correctional Healthcare, Inc., 3922 W. Baring Trace, Peoria, IL 60615-2560. She may be served at that location.

13.     Defendant David A. Voss, LPN, held himself out to be a licensed practical nurse licensed to practice in the Commonwealth of Kentucky, who, upon last known information and belief, has a principle place of business located at Advanced Correctional Healthcare, Inc., 3922 W. Baring Trace, Peoria, IL 60615-2560. He may be served at that location.

14.     The Defendants listed as Unknown Doctors, Nurses and Medical Care Service Provides Of Advanced Correctional Healthcare, Inc., are believed to be doctors, nurses and medical care service providers licensed and/or authorized practice in the Commonwealth of Kentucky. Their principle place of business is believed to be located at Advanced Correctional Healthcare, Inc., 3922 W. Baring Trace, Peoria, IL 60615-2560. It has been determined that the best way to effectuate service of process over these individuals and/or entities is by way of the designated agent for service of process for Advanced Correctional Healthcare, Inc., listed as: CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

15.     Upon information and belief, at all times mentioned herein, Defendant Advanced Correctional Healthcare, Inc., through its agents and employees, operated, maintained and controlled the inmate medical care/services provided on the premises located at 2714 Louisa Street, Catlettsburg, KY 41129, known as the Boyd County Detention Center.   During this time, the above-listed Defendants owed a duty to Christopher Hall to provide custodial care, services, supervision and reasonable medical care services in keeping with the United States and Kentucky Constitutions and established medical standards and correctional facility

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000006 of 000023

Filed         19-CI-01030   12/30/2019         Tracey L. Kelley, Boyd Circuit Clerk

Filed 19-CI-01030 12/30/2019 Tracey L. Kelley, Boyd Circuit Clerk NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

standards.

16.     The Defendants, all of them jointly and/or severally, are responsible for the inmate

medical care/services provided at the Boyd County Detention Center. The causes of action

made as the basis of this suit arise out of the withholding of medical care during the detention

of Christopher Hall.

17.     Jurisdiction and venue are proper in the Boyd Circuit Court as the acts that form the basis

of the cause of action all occurred in Boyd County Kentucky.

18.     On January 12, 2019, decedent, Christopher Hall died at UK Medical Center in

Lexington, KY as a result of negligence and other tortuous conducts perpetrated by the

Defendants as set forth herein.

**COUNT ONE**
**(NEGLIGENCE)**
**(All Defendants)**

19.     Plaintiffs re-allege and reaffirm all the allegations contained in the paragraphs above, and

incorporate the same as if fully set forth herein.

20.     At all relevant times mentioned herein, the Defendants operated and/or controlled the

Boyd County Detention Center, and the providing of medical services to inmates of the Boyd

County Detention Center either directly or through the agency of other and/or other diverse

subsidiaries, governing bodies, agents, servants or employees.

21.     The Defendants are directly and/or vicariously liable for any acts and omissions by any

person or entity, controlled directly or indirectly, including any governing body, officer,

employee, ostensible or apparent agent, consultant or independent contractor, whether in-

house or outside individuals, entities, or agencies.

22.     On or about December 30, 2018, Christopher Hall was detained and lodged in the

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000007 of 000023

Filed                    12/31/2019                              NOT ORIGINAL DOCUMENT
                                                                 12/31/2019 11:26:57 AM
                                                                 84997-7

custody of the Boyd County Detention Center.    As such, Christopher Hall was under the

medical supervision and care of Defendants, and without the ability to acquire his own

medical care except through these defendants.

23.    The Defendants were legally and/or contractually required to provide care to the

decedent, Christopher Hall, for treatment of his total medical needs while he was detained

and lodged in the custody of the Boyd County Detention Center, including but not limited to

physician, nursing and medical care and not merely as the situs where others not associated

with the facility would treat him.

24.    Christopher Hall was detained at the Boyd County Detention Center from December 30,

2018 until January 7, 2019, and as such was under the medical supervision and care of the

Defendants herein, the Defendants failed to insure that Mr. Hall received timely and accurate

care assessments, prescribed treatment, necessary supervision, and timely nursing and

medical intervention due to a significant change in condition. Mr. Hall was effectively denied

proper necessary medical treatment and emergency medical treatment while under the

Defendants' supervision and control.

25.    At all times mentioned in this Complaint, the Defendants had a duty to provide

appropriate medical care for Mr. Hall and negligently failed to perform that duty, including

but not limited to failing to provide correct, adequate, and timely medical treatment,

emergency medical care, transportation and attention when needed.

26.    The Defendants failed to discharge their obligations of care to Christopher Hall, and in so

failing, displayed a conscious disregard for his right and safety.

27.    At all times mentioned herein, the Defendants, individually and/or through their

corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized

all of the acts and omissions that caused the death of Christopher Hall, as more fully set forth

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000008 of 000023

8

Filed                    12/31/2019                    Tracey L. Kelley, Boyd Circuit Clerk    NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

below.

28.    The Defendants negligently failed to deliver care, services and supervision, including, but

not limited to, the following acts and omissions:

    a)   The failure by the Defendants to discharge their legal and lawful obligation by;

        i)    Ensuring compliance with the rules and regulations designed to protect the

        health and safety of Christopher Hall.

        ii)    Ensuring compliance with the inmate care policies for the facility; and

        iii)    Ensuring that appropriate corrective measures were implemented to

        correct problems concerning inadequate inmate care.

    b) The failure to maintain all records on Christopher Hall in accordance with accepted

professional standards and practices;

    c) The failure to provide the minimum number of qualified personnel to meet the total

needs of inmates at the Boyd County Detention Center, including Christopher Hall;

    d) The failure to monitor or increase the number of medical personnel at the Boyd

County Detention Center to ensure that Christopher Hall:

        i)    Received timely and accurate care assessments;

        ii)    Received prescribed treatment, medication and diet; and

        iii)    Received timely custodial, nursing and medical intervention due to

        a significant change in condition;

    e) The failure to provide medical and other staff that were properly staffed, qualified and

trained;

    f) The failure to provide a safe environment for care, treatment and recovery, and to

exercise ordinary care and attention for the safety of inmates, including Christopher Hall,

in proportion to the physical and mental ailments of each particular inmate, known or

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000009 of 000023

9

NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

discoverable by the exercise of reasonable skill and diligence.

29.    The Defendants knew that their actions and/or omissions at the Boyd County Detention Center facility could not provide the minimum standard of care to the vulnerable residents of Boyd County Detention Center including Christopher Hall, deceased.

30.    Due to the wrongful conduct of the Defendants, through its agents and employees, the decedent, Christopher Hall, suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, permanent impairment of his power to earn money, hospitalization and death, all of which were caused by the wrongful conduct of the Defendants as alleged below in an amount in excess of the minimum jurisdictional requirement of this Court.

31.    A reasonably competent corrections officer and a reasonably competent medical treatment provider would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in injuries and/or death to Christopher Hall. With regard to each of the foregoing acts of negligence, same were accomplished by such wanton and/or reckless disregard for the health and safety of Christopher Hall as to constitute gross negligence.

32.    As a direct and proximate result of the negligence of the Defendants, as set out above, Christopher Hall suffered severe injury and death; suffered the loss of life; the loss of the ability to enjoy life; the loss of the ability to enjoy life in the future; incurred reasonable and necessarily related medical expenses; suffered severe physical and mental pain suffering and mental anguish; incurred lost wages; suffered destruction of earning capacity; suffered extreme emotional distress; and inure funeral and burial expenses, all in an amount in excess of the minimum jurisdictional requirement of this Court.

## COUNT TWO

10

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000010 of 000023

12/31/2019 11:26:57 AM
84997-7

## MEDICAL NEGLIGENCE

### (directed to Advanced Correctional Healthcare, Inc.
### and all individual Defendants employed by Advanced Correctional
### Healthcare Inc., only )

33.   The Plaintiffs re-allege and reaffirm all the allegations contained in the paragraphs above, and incorporate the same as if fully set forth herein.

34.   These Defendants had a duty to provide medical services to the appropriate standard of professional services, examinations, treatments, diagnoses, and medical care for Plaintiff's decedent.

35.    These Defendants, individually, and by and through their agents, servants, and employees, failed to exercise the degree of care and skill that would be expected of an ordinarily prudent or reasonably competent physician, nurse, and/or medical care services provider under like or similar circumstances.

36.    The failures by these Defendants individually, and by and through their agents, servants, and employees, with regard to the applicable standards of medical care include, but are not limited to, the following acts and omissions:

   (1) The overall failure to ensure that Christopher Hall received the following;

                    (a) Timely and accurate care assessments;

                    (b) Prescribed treatment, medication and diet;

                    (c) Necessary supervision; and

                    (d) Timely nursing and medical intervention due to a

          significant change in condition;

   (2) The failure to hire and retain sufficient professional nursing and medical staff;

   (3) The failure to adequately assess, evaluate and supervise nursing and medical personnel;

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000011 of 000023

NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

(4) The failure to provide and implement an adequate care plan based on the needs of Christopher Hall;

(5) The failure to adequately and appropriately monitor Christopher Hall and recognize significant changes in his health status, and to timely notify his custodian, medical care services providers and/or family of significant changes in his health status;

37.    It was foreseeable that the breaches of care listed above would result in injuries to and the death of Christopher Hall.   A reasonably competent medical provider acting under the same or similar circumstances would not have failed to provide the care listed above.

38.     Each of the foregoing acts of professional or medical negligence was undertaken with a wanton and reckless disregard for the health of Christopher Hall such as to constitute gross negligence.

39.    As a result of the breaches of medical duties by these Defendants, Christopher Hall suffered severe personal injury, agonizing pain and death.

40.    As a direct and proximate result of the medical negligence of these Defendants, Christopher Hall suffered severe injury and death as well as the loss of the ability to enjoy life, severe physical and mental suffering and mental anguish, lost wages, destruction of the ability to earn, funeral and burial expenses and loss of consortium with respect to the Plaintiff Lakin Hall.

**COUNT THREE**
**WRONGFUL DEATH**

**(All Defendants)**

41.    The Plaintiffs repeat and re-allege, and incorporate by reference, the above allegations as

12

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000012 of 000023

12/31/2019 11:26:57 AM
84997-7

if fully set forth herein.

42.     As a direct and proximate result of the carelessness, negligence and recklessness of

Defendants, Christopher Hall lost his life.

43.     The Plaintiffs bring this action for wrongful death pursuant to K.R.S. § 411.130, for all

compensatory and punitive damages against the above-named Defendants.   The damages

include, but are not limited to, medical expenses, funeral and burial expenses, pain and

suffering, shock, agony, grief suffered by statutory beneficiaries, mental and physical

anguish, past and future economic damages in an amount to be proven at trial plus any

applicable attorneys' fees, applicable interest, costs and any other relief that the Plaintiffs

may be entitled to.

Presiding Judge: HON. JOHN F. VINCENT (632379)

## COUNT FOUR
## 42 U.S.C. § 1983-VIOLATION OF CIVIL RIGHTS INCLUDING EIGHTH
## AND FOURTEENTH AMENDMENTS

### (All Defendants)

44.     The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation

and averment set forth in the preceding paragraphs of this Complaint as if fully set forth

herein.

45.     This Count is a civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1985 for the

violation of the civil rights of Christopher Hall by the neglect and withholding of medical

attention during incarceration in violation of the Eighth and Fourteenth Amendments to the

United States Constitution.

46.     Jurisdiction in the Circuit Court of Boyd County is proper for this Count pursuant to the

COM : 000013 of 000023

13

Filed                    19-CI-01030   12/30/2019              Tracey L. Kelley, Boyd Circuit Clerk    NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

Supremacy Clause of Article VI of the United States Constitution, which mandates that states

must provide hospitable forums for federal claims and the vindication of federal rights, which

was further noted in *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed. 2d 123 (1988).

47.    At all relevant times, each and all of the above-listed Defendants constituted a "person"

for purposes of 42 U.S.C. § 1983 and each acted under the color of state law to deprive

Christopher Hall of his Constitutional rights as described herein.

48.    42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any

state or territory or the District of Columbia subjects or causes to be subjected any citizen of

the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges or immunities secured by the Constitution and law shall be liable to the

party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

49.    Christopher Hall was a citizen of the United States and the Commonwealth of Kentucky

and the individuals named as defendants are persons for the purposes of 42 U.S.C. § 1983.

50.    As described more fully above, each of the Defendants while acting individually, jointly,

and in conspiracy, as well as under color of law and within the scope of their employment,

deprived Christopher Hall of his civil rights and constitutional protections, including, but not

limited to the right to be free of cruel and unusual punishment as an inmate.

51.    Christopher Hall had the clearly established Constitutional right under the Eighth

Amendment to be free of cruel and unusual punishment by law enforcement, which included

the right to be free from the withholding of medical attention.

52.    Any reasonable law enforcement officer, medical contractor or medical provider would

know or should have known of these rights at the time of the complained of conduct as they

were clearly established at that time.

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000014 of 000023

Filed                    19-CI-01030   12/30/2019          Tracey L. Kelley, Boyd Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                                    12/31/2019 11:26:57 AM
                                                                                                              84997-7

53.    The actions and inaction undertaken by the Defendants, as described herein, were objectively unreasonable in the light of the facts and circumstances confronting them and violated these Eighth Amendment rights of Christopher Hall.

54.    These Defendants actions and inactions as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Christopher Hall's federally protected rights. The neglect by these Defendants shocks the conscience and violated the Fourteenth Amendment rights of Christopher Hall.

55.    None of the Defendants took reasonable steps to protect Mr. Hall from the objectively unreasonable and conscience shocking neglect and withholding of medical aid despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking neglect of each other.

56.    The Defendants exhibited a shocking and willful indifference to Mr. Hall's rights and with a conscious awareness that they would cause him physical and emotional injuries and death.

57.    The acts or omissions of these Defendants were responsible for Christopher Hall's death.

58.    The acts or omissions of Defendants as described herein intentionally deprived Christopher Hall of his Constitutional rights and caused him other damages.

59.    These Defendants are not entitled to qualified immunity for the complained of conduct.

60.    As a proximate result of Defendants' unlawful conduct, Christopher Hall has suffered actual physical injury and death and other damages and losses as described herein entitling the Plaintiffs to compensatory and special damages, in amounts to be determined at trial.

61.    The Plaintiffs are further entitled to attorneys' fees and cost pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interest.

15

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000015 of 000023

62.    In addition to compensatory, economic, consequential and special damages, Hall is
entitled to punitive damages against each of the individually named Defendants under 42
U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken
maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of
Hall.

**COUNT   FIVE**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(All Defendants)**

63.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation and
averment set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

64.    The actions and inaction of the Defendants, individually and collectively, as described
herein were negligent and deviated from the applicable standard of care to the point of being
shocking and wanton.

65.    As a direct, proximate, and foreseeable result of the aforementioned negligence and
deviation from the applicable standard of care, Christopher Hall suffered the negligent infliction
of serious emotional distress.

66.    The Plaintiff Estate of Christopher Hall, through its administrator Courtney Stewart, is
empowered under the laws of the Commonwealth of Kentucky to bring suit on behalf of the
Estate.

67.    In addition, the Plaintiffs suffered severe emotional distress both before and after the death
of Christopher Hall.

68.    Both Plaintiffs demand compensatory and punitive damages as a result of these tortious acts.

**COUNT   SIX**
**LOSS OF CONSORTIUM**

16

### ( All Defendants )

69.     The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation and

averment set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

70.     As a result of the aforementioned torts, deviations and intentional acts, the Plaintiff, Lakin

Hall, has suffered a loss of consortium by the loss of a loving and attentive father and all of the

enjoyment of life that flows from the relationship.

71.     Accordingly, the Plaintiff Lakin Hall, operating by and through her Next Friend and

guardian Courtney Stewart hereby asserts a loss of consortium claim for the loss of the love and

services of Christopher Hall on behalf of the minor, Lakin Hall.

72.     Plaintiff Lakin Hall demands compensatory and punitive damages as a result of this loss of

consortium.

WHEREFORE, the Plaintiffs demand as follows:

1.     Judgment against the Defendants for all of Plaintiffs' damages on each cause of action in a

fair and reasonable amount for compensatory damages in excess of the jurisdictional limits of the

Court and for all damages as is proven by the evidence at trial;

2.     Judgment against Defendants for decedent Christopher Hall's past and future lost wages up

through an otherwise expected working life;

3.     Judgment against the Defendants for all of Christopher Hall's, pain and suffering.

4.     Judgment against the Defendants as noted above for loss of personal dignity on behalf of

Christopher Hall;

5.     Loss of consortium;

17

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000017 of 000023

Filed                19-CI-01030    12/30/2019          Tracey L. Kelley, Boyd Circuit Clerk        NOT ORIGINAL DOCUMENT
                                                                                    12/31/2019 11:26:57 AM
                                                                                    84997-7

6.      Mental and physical anguish;

7.      Pre and post judgment interest as permitted by law;

8.      Punitive damages;

9.      Attorneys Fees and costs, particularly with regard to the Civil Rights claims;

9.      A trial by jury; and

10.     Any and all other relief to which it may appear Plaintiffs are entitled.

Presiding Judge: HON. JOHN F. VINCENT (632379)

Respectfully submitted,

*Robert R. Waters*

_____

Robert R. Waters, Esq.                     Tracy D. Frye, Esq.
Cheryl R. Winn, Esq                        Frye Law Office, PSC
Corey M. Thomas, Esq.                      P. O. Box 411
Waters Law Group, PLLC                     Russell, KY   41169
12802 Townepark Way                        (606) 833-8400
Suite 200                                  tracyfrye@fryelawpsc.com
Louisville, KY   40243                     *Counsel for Plaintiffs*
(502) 425-2424
rrwaters@waterslawgroup.com
crwinn@waterslawgroup.com
cmthomas@waterslawgroup.com
*Counsel for Plaintiffs*

COM : 000018 of 000023

NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

# EXHIBIT  A

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : **000019 of 000023**

Jan. 16. 2019  2:44PM   Frye

No. 5659   P. 4
84997-7

12/31/2019 11:26:57 AM

COMMONWEALTH OF KENTUCKY
BOYD DISTRICT COURT
CASE NO. 19-P-_23_

ENTERED
TRACEY L. KELLEY
JAN 16 2019
BOYD CIRCUIT/DISTRICT COURT
BY:_____ D.C.

IN RE: THE ESTATE OF CHRISTOPHER HOWARD HALL, DECEASED

**ORDER APPOINTING ADMINISTRATRIX**

On application filed by Courtney Stewart on or about the _16_ day of January, 2019, as required by law, and the Court being sufficiently advised;

IT IS HEREBY ORDERED that Courtney Stewart be appointed Administratrix of the Estate of Christopher Howard Hall, deceased, without surety on bond, which is approved by the Court and thereupon duly sworn as required by law and qualified as Administratrix herein; and bond shall be in the amount of $ _5,000.00_, without surety.

SO ENTERED this the _16_ day of January, 2019.

_____
BOYD DISTRICT COURT JUDGE

I hereby certify that a true and correct copy of the foregoing has been served by first class mail, postage pre-paid to the following on this the _16_ day of January, 2019:

Hon. Tracy D. Frye
P O Box 411
Russell, KY 41169

CLERK BOYD DISTRICT COURT

BY: _____ D.C.

COMMONWEALTH OF KENTUCKY
COUNTY OF BOYD
I, TRACEY L. KELLEY, CLERK OF THE BOYD CIRCUIT
DISTRICT COURTS, DO HEREBY CERTIFY THAT THE
FOLLOWING IS A TRUE AND CORRECT COPY OF THE
_Petition & Order appointing Administratrix_
AS RECORDED IN MY OFFICE, GIVEN UNDER MY
HAND AND SEAL ON THIS _16th_ DAY
OF _January 2019_
TRACEY L. KELLEY, CLERK
BOYD CIRCUIT/DISTRICT COURT
BY:_____ D.C.

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000020 of 000023

1

# EXHIBIT  B

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : **000021 of 000023**

Filed 19-CI-01030 12/30/2019 Tracey L. Kelley, Boyd Circuit Clerk NOT ORIGINAL DOCUMENT
12/31/2019 11:26:57 AM
84997-7

COMMONWEALTH OF KENTUCKY
BOYD CIRCUIT COURT
CIVIL ACTION NO. _____
DIVISION ___

COURTNEY STEWART, as ADMINISTRATRIX of the
ESTATE OF CHRISTOPHER HALL, Deceased,

And

COURTNEY STEWART, as Next Friend, guardian and mother
of the infant child, LAKIN HALL                                    PLAINTIFFS

v.

WILLIAM HENSLEY, Individually and in his capacity
as Jailer of the BOYD COUNTY DETENTION CENTER, ET AL.

DEFENDANTS

## AFFIDAVIT OF COURTNEY STEWART

Comes now the Affiant, COURTNEY STEWART, and after being duly sworn states as follows:

1. That I am the biological mother and only living parent of Lakin Hall;

2. That I reside in the Commonwealth of Kentucky in Boyd County, Kentucky and have lived here for approximately 30 years;

3. That I am not under any disability at this time;

4. That I qualify as the Next Friend for my daughter, Lakin Hall and I am the only person with any custody interest of Lakin Hall.

5. Further affiant saith not.

_Courtney Stewart_
COURTNEY STEWART

Presiding Judge: HON. JOHN F. VINCENT (632379)

COM : 000022 of 000023

STATE OF KENTUCKY
COUNTY OF GREENUP

     Subscribed and sworn before me by Courtney Stewart this 30th day of December, 2019.

My commission expires:

OFFICIAL SEAL
ELISABETH SHEA BOGGS
NOTARY PUBLIC · KENTUCKY
STATE-AT-LARGE
My Comm. Expires Sept. 12, 2023
ID # 631247

_Elisabeth Boggs_

           NOTARY PUBLIC